IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HENRY ROOSEVELT HATCHER III, ) <br> # 623959, ) <br> ) <br> Petitioner, ) <br> ) No. 3:24-cv-01427 <br> v. ) <br> ) Judge Richardson <br> STATE OF TENNESSEE, ) Magistrate Judge Holmes <br> ) <br> Respondent. | |

### MEMORANDUM OPINION AND ORDER

Petitioner Henry Roosevelt Hatcher III filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pretrial detention in the custody of the Davidson County Sheriff's Office. (Doc. No. 1).

### I. FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

### II. PETITION

A criminal defendant detained by a state awaiting trial may seek a writ of habeas corpus based on a claim that his custody is "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489−92 (1973); *Younger v. Harris*, 401 U.S. 37 at 49 (1971).

The Constitution provides that a federal court has jurisdiction only over actual "cases" or "controversies." U.S. Const. art. III, § 2. When a case no longer presents "'live'" issues, or the parties do not have "'a legally cognizable interest in the outcome,'" the case is moot. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (quoting *L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). In other words, mootness asks if there is a justiciable controversy throughout the lawsuit. *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490 (6th Cir. 2017). "Questions of jurisdiction are fundamental matters which [courts] may review sua sponte." *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) (declining to address appeal of moot claims, although mootness was not raised by the parties).

Petitioner brought this Petition challenging his pretrial detention for criminal case number GS1025527. (Doc. No. 1 at PageID# 1−2). Since the Petition was filed, that prosecution was dismissed based on Petitioner's mental incompetence.[1] Thus, the pretrial custody he challenged in his petition has ended, and his Petition challenging that custody is moot. *Cf. Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once [petitioner] was convicted, the claims concerning his pre-trial confinement became moot."); *Contreras v. Bouchard*, No. 23-cv-10703, 2023 WL 7924708, at *2 (E.D. Mich. Nov. 16, 2023) (same, collecting cases). Accordingly, the Petition must be dismissed as moot. This dismissal, being on jurisdictional grounds, will be without prejudice.[2] *See Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 176 (6th Cir. 2022) (where district court lacks jurisdiction to decide the merits of a claim, it should be dismissed without prejudice).

---

[1] The Court takes judicial notice of the online docket in *State v. Hatcher*, GS1025527 (Davidson Cnty. Crim. Ct.), *available at* sci.ccc.nashville.gov/Search/.

[2] It is unclear whether Petitioner is now in custody pursuant to involuntary civil commitment. If so, nothing in this Order will prevent him from challenging that custody pursuant to a new 28 U.S.C. § 2241 petition in accordance with all procedural requirements, including the requirement to exhaust available state-court remedies.

## III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability requirement applies to petitions brought pursuant to 28 U.S.C. § 2241 challenging state pretrial custody. *Winburg v. Nagy*, 956 F.3d 909, 911−12 (6th Cir. 2020).

Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree that (due to mootness) the Court lacks jurisdiction to consider Petitioner's Petition for a Writ of Habeas Corpus, the Court will deny a certificate of appealability. However, Petitioner may seek a certificate of appealability from the Sixth Circuit.

## IV. CONCLUSION

Petitioner's IFP Application (Doc. No. 2) is **GRANTED**.

Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice because the Court lacks jurisdiction to consider the merits of his moot challenge to pretrial detention. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE